UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Mark Newell,<br><br>individually and on behalf of all others similarly situated,<br><br>Plaintiff(s)<br><br>-v.-<br><br>Credit Corp Solutions, Inc.,<br><br><br>Defendant(s). | Case No:<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Mark Newell ("Plaintiff") brings this Class Action Complaint by and through his attorneys, Skolnick Legal Group PC, against Defendant Credit Corp Solutions, Inc. ("Credit Corp"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1.      The Fair Debt Collection Practices Act ("FDCPA" or "Act") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). The Act was promulgated because of the concern that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* It concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.      The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer

protection laws were inadequate, *Id.* § 1692(b), the Act gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court has pendent jurisdiction over state law claims, if any, in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of consumers under § 1692 et seq. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of Massachusetts.

8. Defendant Credit Corp is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with a service address at Corporation Service Company, 84 State Street, Boston, MA 02109.

9. Upon information and belief, Defendant Credit Corp is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is the practice of law attempting to collect debts.

## **CLASS ALLEGATIONS**

10. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11. The Class consists of all individuals:

   a. with addresses in the State of Massachusetts;

   b. to whom Defendant Credit Corp sent an initial letter;

   c. attempting to collect a consumer debt;

   d. that has been previously paid by the plaintiff; and

   e. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

12. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf it attempts to collect and/or has purchased debts.

13. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

14. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f, and 1692g.

15. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling

consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

16. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form **attached as Exhibit A** violate 15 U.S.C. §§ 1692e, 1692f, and 1692g.

c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

19. Plaintiff repeats the above allegations as if set forth here.

20. Some time prior to October 12, 2021, Plaintiff allegedly incurred an obligation to non-party WebBank/serviced by LendingClub Corporation ("WebBank").

21. This alleged debt was incurred as a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a (5), specifically for personal credit.

22. The alleged WebBank obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

23. WebBank is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

24. Upon information and belief, WebBank contracted with Defendant Credit Corp to collect the alleged debt

25. Defendant Credit Corp collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of itself or other creditors using the United States Postal Services, telephone and internet.

*Violation – October 12, 2021 Collection Letter*

26. On or about October 12, 2021, Defendant Credit Corp sent Plaintiff an initial collection letter. A copy of this letter is attached as Exhibit A.

27. The letter states, "We are writing to inform you that your account has been referred to our Pre-Legal Department. We have been unsuccessful in establishing a resolution to your account and have not received any significant payment form you to reduce your outstanding balance of $1,967.42."

28. The letter from Defendant is false, confusing, deceptive, and unfair.

29. Plaintiff had made an agreement to pay this debt and had kept his promise and done so as agreed.

30. Despite the agreement to settle, and acceptance of payment thereunder, Defendant continued to collect this now extinguished debt.

31. Defendants knew or should have known that the debt was already paid.

32. Plaintiff no longer owed any money on the extinguished debt.

33. Therefore, upon receipt of Defendants' letter, Plaintiff was confused, scared, pained, stressed, distraught, and sad.

34. Plaintiff then expended time, money, and effort in determining the proper course of action.

35. In addition, Plaintiff suffered emotional harm due to Defendants' improper acts.

36. These violations by Defendant were unconscionable, knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

37. Defendants' collection efforts with respect to the extinguished debt caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

38. Defendants' deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendants' collection efforts because Plaintiff could not adequately respond to Defendants' demand for payment of this debt.

39. Defendants' actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendants' debt collection.

40. Plaintiff was confused and misled to her detriment by the statements in the dunning letter, and relied on the contents of the letters to his detriment.

41. Plaintiff would have pursued a different course of action were it not for Defendants' statutory violations.

42. As a result of Defendants' deceptive, misleading, unfair, unconscionable, and false debt collection practices, Plaintiff has been damaged.

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692e *et seq.***

43. Plaintiff repeats the above allegations as if set forth here.

44. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

45. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

46. Defendant violated said section by:

　　a. falsely representing the character, amount or legal status of the debt in violation of §1692e (2);

　　b. Using a false representation or deceptive means to collect or attempt to collect a debt in violation of §§ 1692e and 1692e (10).

47. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

48. Plaintiff repeats the above allegations as if set forth here.

49. Alternatively, Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

50. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

51. Defendant violated this section by

　　a. Unfairly representing the character, amount or legal status of the debt;

　　b. Using unfair representations or means to attempt to collect a debt.

52. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692g *et seq.*

53. Plaintiff repeats the above allegations as if set forth here.

54. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

55. Pursuant to 15 U.S.C. §1692g, within five days of an initial communication, a debt collector must send written notice of the amount of the debt.

56. Defendant violated this section by failing to properly state the amount of the debt owed.

57. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

58. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Mark Newell, individually and on behalf of all others similarly situated, demands judgment from Defendant Credit Corp Solutions, Inc., as follows:

a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Scott Bernstein, Esq., as Class Counsel;

b) Awarding Plaintiff and the Class statutory damages;

    c)    Awarding Plaintiff and the Class actual damages;

    d)    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

    e)    Awarding pre-judgment interest and post-judgment interest; and

    f)    Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: November 2, 2021                         Respectfully submitted,

                                                               **Skolnick Legal Group, P.C.**

                                                                By:/s/ *Scott Bernstein*
                                                                 Scott Bernstein, Esq.
                                                                 103 Eisenhower Pkwy, Suite 305
                                                                 Roseland, New Jersey 07068
                                                                 P. (203) 246-2887
                                                                 scott@skolnicklegalgroup.com

                                                                 *Attorneys for Plaintiff*